IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

William H. Evans, Jr.,              :

            Plaintiff,              :  Case No. 2:15-cv-769

    v.                              :  JUDGE GEORGE C. SMITH
                                       Magistrate Judge Kemp
Scioto County Common Pleas          :
Court and Judge's of General,
Domestic & Probate Divisions,       :
et al.,
            Defendants.             :


                    REPORT AND RECOMMENDATION

     Plaintiff, William H. Evans, Jr., a state prisoner who
resides at the Ross Correctional Institution, submitted his
complaint in this case on March 2, 2015.  His complaint was
accompanied by a motion for leave to proceed in forma pauperis.
However, as the United States Court of Appeals for the Sixth
Circuit has recognized, Mr. Evans has had three or more cases or
appeals dismissed in the past as frivolous or for failure to
state a claim on which relief can be granted.  See Evans v. Owen,
No. 09-3078 (6th Cir. June 1, 2009).

     Under that portion of the Prison Litigation Reform Act
codified at 28 U.S.C. §1915(g), the so-called "three strikes"
rule, a prisoner may not bring a suit in forma pauperis if that
prisoner "has, on 3 or more occasions, while incarcerated or
detained in any facility, brought an action or appeal in a court
of the United States that was dismissed on the ground that it is
frivolous, malicious, or fails to state a claim upon which relief
may be granted, unless the prisoner is under imminent danger of
serious physical injury."  Thus, he is not entitled to proceed in
forma pauperis and to pay the filing fee in installments unless
he can demonstrate that he meets the "imminent danger"

requirement of §1915(g).  Otherwise, he must pay the entire filing fee (currently $400.00 for prisoners not granted in forma pauperis status) at the outset of the case.

Mr. Evans does not address the issue of imminent danger in his complaint.  Rather, the issues raised by his complaint relate to alleged RICO violations committed by various state and federal judges in Ohio.  Essentially, Mr. Evans asserts that these judges conspired to issue a series of fraudulent rulings ultimately resulting in his being convicted of murder.  None of these allegations, however, can be interpreted as asserting any of his claims in terms of imminent danger.

Mr. Evans mentions briefly in paragraph 18 that he is in "need of surgery to spine and feet," that he suffers from "inability of proper lung functions (which is in part due to COPD and in part due to Curvature of Spine which touches the lungs restricting inflation)," and that his disabilities have not been accommodated.  However, he does not explain how any action or inaction relating to these conditions has subjected him to imminent harm.

The Court recognizes that the denial of medical treatment under specific circumstances may satisfy the imminent danger requirement.  Vandiver v. Vasbinder, 416 Fed. Appx. 560, 563 (6th Cir. March 28, 2011).  However, the Court does not read Mr. Evans' complaint as asserting a claim for the denial of medical care just because it contains a passing reference to his physical conditions.  Further, he has not named as defendants any individuals responsible for his medical care.  Consequently, the Court has no basis for construing Mr. Evans' complaint as asserting imminent danger resulting from the denial of medical treatment.

For these reasons, it is recommended that the motion for leave to proceed in forma pauperis (Doc. 1) be denied, and that

-2-

Mr. Martin be directed to submit the entire $400.00 filing fee within thirty days if he wishes to proceed with this action.  If that recommendation is accepted, he should also be advised that if he does not pay the fee, the action will be dismissed and will not be reinstated even upon subsequent payment of the filing fee. See McGore v. Wrigglesworth, 114 F.3d 601, 609 (6th Cir. 1997).

Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge