```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

William H. Evans, Jr.,              :

        Plaintiff,         :    Case No. 2:15-cv-769

   v.                               :    JUDGE GEORGE C. SMITH
                                          Magistrate Judge Kemp
Scioto County Common Pleas          :
Court and Judge's of General,
Domestic & Probate Divisions,       :
et al.,
        Defendants.         :


                    REPORT AND RECOMMENDATION

    Plaintiff, William H. Evans, Jr., a state prisoner who resides at the Ross Correctional Institution, submitted his complaint in this case on March 2, 2015.  His complaint was accompanied by a motion for leave to proceed *in forma pauperis*. However, as the United States Court of Appeals for the Sixth Circuit has recognized, Mr. Evans has had three or more cases or appeals dismissed in the past as frivolous or for failure to state a claim on which relief can be granted.  See <u>Evans v. Owen</u>, No. 09-3078 (6th Cir. June 1, 2009).

    Under that portion of the Prison Litigation Reform Act codified at 28 U.S.C. §1915(g), the so-called "three strikes" rule, a prisoner may not bring a suit <u>in</u> <u>forma</u> <u>pauperis</u> if that prisoner "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Thus, Mr. Evans is not entitled to proceed *in forma pauperis* and to pay either the District Court or appellate filing fee in installments unless he can demonstrate

that he meets the "imminent danger" requirement of §1915(g). Otherwise, he must pay the entire filing fee for filing a case or filing an appeal.

In a prior Report and Recommendation (Doc. 7), the Court found that Mr. Evans was required to pay the full filing fee for this case.  He objected, but that recommendation was upheld by Judge Smith.  (Doc. 10).  Mr. Evans then filed a motion for leave to appeal *in forma pauperis* and a notice of appeal.

Judge Smith's April 20, 2015 order is not a final appealable order.  Generally speaking, the Court of Appeals has jurisdiction to consider appeals from orders of the District Courts which are "final decisions," *see* 28 U.S.C. §1291, which grant or refuse to grant injunctions, *see* 28 U.S.C. §1292(a), or which are collateral orders determining claims which are separable from and collateral to the merits of the case, *see* <u>Cohen v. Beneficial Industrial Loan Corp.</u>, 337 U.S. 541 (1949).  The order in question is none of these things.  Consequently, the notice of appeal is premature and without effect.  That being the case, it is recommended that the Court both certify that the appeal is not taken in good faith, which is one basis on which to deny the motion for leave to appeal *in forma pauperis*, and deny the motion because, as a prisoner subject to the "three strikes" rule, Mr. Evans is not entitled to proceed on appeal without paying the filing fee.

<u>Procedure on Objections</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified

proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge

-3-